1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 BIO-HORTICULTURA LAS<br>PARRITAS, S.A. de C.V., a Mexican<br>12 Corporation, | Civil No. 14cv0892-WQH-DHB<br><br>ORDER |
| 13                                    Plaintiffs, | |
| 14 vs.<br>AVIARA PARKWAY FARMS, INC.,<br>15 A California Corporation, | |
| 16                                    Defendants. | |

17 HAYES, Judge:
18        The matter before the Court is Plaintiff's Motion to Dismiss Defendant's  Third
   Counterclaim for Promissory Fraud.  (ECF No. 14).
19                                   **BACKGROUND**
20        On April 15, 2014, Plaintiff Bio-Horticultura Las Parritas, S.A. de C.V. ("Bio-
21 Horticultura"), initiated this action against Defendant Aviara Parkway Farms, Inc.
22 ("Aviara") by filing the Complaint.  (ECF No. 1).  The Complaint states  that "[o]n or
   about February 8, 2012, fresh-produce-grower BIO-HORTICULTURA entered into a
23 written contract with fresh-produce-distributer [sic] AVIARA under which AVIARA
24 agreed to market and sell BIO-HORTICULTURA's perishable produce – its fresh
25 cucumbers and grape tomatoes – on consignment."  *Id*. at 2.  The Complaint states that
26 "[b]etween in or about May 2012 and in or about January 2013, AVIARA received
27 from  BIO-HORTICULTURA – and  AVIARA sold  as  a  commercial  merchant –
28

1  numerous loads of BIO-HORTICULTURA's fresh cucumbers and grape tomatoes."

2  *Id*. at 3.

3       The Complaint alleges that Aviara, "(1) engaged brokers to assist it in selling

4  BIO-HORTICULTURA's produce, and deduct[ed] their fees from the sales proceeds,

5  without first obtaining BIO-HORTICULTURA's permission; (2) sold BIO-

6  HORTICULTURA's produce to other produce distributors at below market prices as

7  'strawman buyers' who then re-sold the produce to others at true market prices; (3)

8  unilaterally reduced the sales prices for BIO-HORTICULTURA's produce, made other

9  price adjustments, and/or rejected or dumped – or allowed customers to reject or dump

10  – BIO-HORTICULTURA's produce without first obtaining neutral and impartial

11  inspection, the approval of BIO-HORTICULTURA, or the requisite proof to support

12  the price reductions; [and] (4) failed to utilize its best efforts with respect to its sale of

13  BIO-HORTICULTURA's produce..." *Id*. at 5.  The Complaint further alleges that "[a]s

14  a direct and proximate result of AVIARA's breaches of the Contract...BIO-

15  HORTICULTURA has suffered damages ..." *Id*. at 6.

16       On May 8, 2014, Defendant Aviara filed an Answer and Counterclaim against

17  Plaintiff Bio-Horticultura. (ECF No. 4).  The Counterclaim states that "[f]rom February

18  8, 2012 through October 15, 2012, AVIARA PARKWAY FARMS loaned to BIO-

19  HORTICULTURA monies to fund BIO-HORTICULTURA's growing operations." *Id*.

20  at 12.  "The loans were documented by written promissory notes that were signed by

21  BIO-HORTICULTURA." *Id*.  The Counterclaim alleges the following four causes of

22  action: Breach of Written Promissory Notes, Breach of Written Contract, Fraud -

23  Promise Without Intent to Perform, and Breach of Implied Covenant of Good Faith and

24  Fair Dealing.  (ECF No. 4 at 12-17).

25       On July 28, 2014, Plaintiff/Counterdefendant Bio-Horticultura, filed the Motion

26  to Dismiss Aviara's counterclaim for fraud on grounds of failure to state a claim

27  pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 14).

28       On August 25, 2014, Defendant/Counterclaimant Aviara filed an Opposition to

1   the Motion to Dismiss the Third Cause of Action in the Counterclaim, and, in the

2   alternative, requests leave to amend its Counterclaim.  (ECF No. 17).

3                          **ALLEGATIONS OF FRAUD COUNTERCLAIM**

4        The Third Cause of Action for fraud in Aviara's Counterclaim alleges:

5        15.   At the time that BIO-HORTICULTURA entered into the contract
         and promissory notes, BIO-HORTICULTURA, by and through its
6        principal, Vincent Gomez, promised to comply with the terms of the
         promissory notes and contract, and further promised to utilize its best
7        efforts to provide quality, re-saleable produce for distribution by AVIARA
         PARKWAY FARMS in order to ensure repayment of substantial loans
8        pursuant to the promissory notes.

9
10       16.   At the time that BIO-HORTICULTURA made the promises to
         AVIARA PARKWAY FARMS, BIO-HORTICULTURA had no intention
11       of performing the promises.

12       17.   The promises were made with the intent to induce AVIARA
         PARKWAY   FARMS   to   advance   substantial   loans   to   BIO-
13       HORTICULTURA to fund its growing operations.

14
15       18.   AVIARA PARKWAY FARMS, at the time these promises were
         made and at the time that it advances the loans, was ignorant of BIO-
16       HORTICULTURA's secret intention not to perform and AVIARA
         PARKWAY FARMS could not, in the exercise of reasonable diligence,
17       have discovered BIO-HORTICULTURA's secret intention. In reliance on
         the promises of BIO-HORTICULTURA, AVIARA PARKWAY FARMS
18       advanced and loaned $429,186.50 to BIO-HORTICULTURA.

19       19.   BIO-HORTICULTURA failed to abide by its promises by
         delivering substandard produce for distribution and failing to repay all of
20       the loans advanced to it.  There is still due, owing and unpaid the sum of
         $272,191.22 as of March 31, 2014, together with interest thereon at the
21       rate of 10% per annum which continues to accrue from and after March
         31, 2014.
22

23       20.   As a result of BIO-HORTICULTURA's fraud and deceit as herein
         alleged, AVIARA PARKWAY FARMS has suffered general and special
24       damages, including but not limited to the unpaid sum of $272,191.22 as
         of March 31, 2014, all in an amount to be proven at trial.
25

26       21.   The aforementioned conduct of BIO-HORTICULTURA was an
         intentional misrepresentation, deceit, or concealment of a material fact
27       known to BIO-HORTICULTURA with the intention of the part of BIO-
         HORTICULTURA of thereby depriving AVIARA PARKWAY FARMS
28       of property or legal rights or otherwise causing injury, and was despicable
         conduct that subjected AVIARA PARKWAY FARMS to a cruel and

1    unjust hardship in conscious disregard of AVIARA PARKWAY FARMS'
     rights, so as to justify an award of exemplary and punitive damages.
2

3    (ECF No. 4 ¶ 15-21).

4                            **CONTENTIONS OF PARTIES**

5           Bio-Horticultura contends that the Third Cause of Action fails to state a claim for

6    fraud because the claim alleges only Bio-Horticultura's purported failure to repay all

7    of the promissory notes under the terms of the contract.  (ECF No. 14 at 4-5).  Aviara

8    contends that it has alleged sufficient facts to support fraud allegations.  Aviara asserts

9    that the promise by Bio-Horticultura to use its best efforts to provide quality, re-saleable

10   produce was a separate and fraudulent promise that induced Aviara to enter into the

11   contract.  (ECF No. 17 at 4).  Aviara asserts that it relied on Bio-Horticultura's promise

12   to deliver quality, re-saleable produce when it loaned money to Bio-Horticultura.  *Id.*

13   at 7.  Aviara asserts that Bio-Horticulutura's failure to provide quality produce shows

14   that its promises to repay the loans and deliver quality produce were false when made.

15   *Id.*

16                            **STANDARD OF REVIEW**

17          Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state

18   a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Federal Rule of

19   Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must

20   contain ... a short and plain statement of the claim showing that the pleader is entitled

21   to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule 12(b)(6) is appropriate where

22   the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable

23   legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24          "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

25   requires more than labels and conclusions, and a formulaic recitation of the elements

26   of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

27   (quoting Fed. R. Civ. P. 8(a)).  "To survive a motion to dismiss, a complaint must

28   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

     plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citation omitted).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## RULING OF COURT

The elements of a fraud under California law are: (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage.  *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).  Promissory fraud is a subspecies of fraud which permits a plaintiff to state a cause of action in tort when a defendant fraudulently induces him to enter into a contract.  *See Lazar*, 12 Cal. 4th at 638.  Claims sounding in fraud must comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a complaint "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  This heightened particularity requirement must be met regardless of whether the claim is contractual or non-contractual, so long as the claim is grounded in fraud.  *See Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).  The Court of Appeals for the Ninth Circuit has identified two aspects of the particularity requirement.  *In re GlenFed, Inc., Sec. Lit.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994).  First, the plaintiff's allegations must identify the time, place, and content of the alleged misrepresentation so that the defendant can identify the statement.  *Id.*  Second, a plaintiff must plead facts explaining why the statement was false when it was made.  *Id.*  "Mere conclusory allegations of fraud are insufficient."  *Id.* (quoting *Moore v. Kayport Package Exp., Inc.*,

1  885 F.2d 531, 540 (9th Cir. 1989).

2  In this case, Aviara's alleges: "[a]t the time that BIO-HORTICULTURA entered
3  into the contract and promissory notes..., BIO-HORTICULTURA, by and through its
4  principal, Vincente Gomez, promised to comply with the terms of the promissory notes
5  and contract, and further promised to utilize its best efforts to provide quality, re-
6  saleable produce for distribution by AVIARA PARKWAY FARMS in order to ensure
7  repayment of substantial loans pursuant to the promissory notes." (ECF No. 17 at 3).
8  The specific dates of the promissory notes are alleged in the Counterclaim to be "[f]rom
9  February 8, 2012 through October 15, 2012." (ECF No. 4 at 12). The Counterclaim
10 alleges that "[a]t the time BIO-HORTICULTURA made the promises to AVIARA
11 PARKWAY FARMS, BIO-HORTICULTURA had no intention of performing the
12 promises," and that, "promises were made with the intent to induce AVIARA
13 PARKWAY FARMS to advance substantial loans to BIO-HORTICULTURA to fund
14 its growing operations." (ECF No. 4 at 16).

15 The Counterclaim fails to allege facts to support the conclusory allegation that
16 Bio-Horticultura's promise to utilize its best efforts to provide quality, re-saleable
17 produce was false when made. Aviara's reliance on Bio-Horticultura's subsequent
18 failure to perform as promised to satisfy the pleading requirement for fraudulent intent
19 is insufficient to meet the heightened pleading requirements of Federal Rule of Civil
20 Procedure 9(b). *See Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal.
21 2001) ("This fraudulent intent cannot be proven...by simply pointing to the defendant's
22 subsequent failure to perform as promised.").

23 The allegations in Aviara's Third Cause of Action fail to meet the heightened
24 particularity requirements of Rule 9(b). Bio-Horticultura's Motion to Dismiss the Third
25 Cause of Action of Aviara's Counterclaim is granted.

26

27

28

(mdc)

1       IT IS HEREBY ORDERED that the Motion to Dismiss the Third Cause of

2   Action of Defendant's Counterclaim (ECF No. 4) is GRANTED.   Any request to file
14

3   an amended counterclaim must be done by motion.

4   DATED:  September 30, 2014

5                             William Q. Hayes

6                       **WILLIAM Q. HAYES**
                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28